Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| ADALBERTO DÍAZ RODRÍGUEZ<br><br>*Recurrido*<br><br>v.<br><br>LEYDA ELIZA RIVERA CABRERA Y OTROS<br><br>*Peticionaria* | TA2025AP00532 | Apelación acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2023CV01619<br><br>Sobre: Incumplimiento de Contrato, Daños |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

Comparece ante nos la señora Leyda Eliza Rivera Cabrera (señora Rivera Cabrera o peticionaria), mediante recurso de *Apelación* —el cual acogemos como un *Certiorari* por ser el mecanismo adecuado para la revisión del dictamen recurrido[1]— presentado el 10 de noviembre de 2025 para solicitarnos que revoquemos la *Resolución*[2] emitida el 2 de septiembre de 2025[3], por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria*[4] presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del recurso de *Certiorari*.

---

[1] Por motivos de economía procesal, conservamos la designación alfanumérica asignada por la Secretaría de este Tribunal.
[2] Apéndice 51 del recurso de *Certiorari*.
[3] Notificada el 3 de septiembre de 2025.
[4] Apéndice 33 del recurso de *Certiorari*.

**I.**

El caso de autos tuvo su génesis el 3 de noviembre de 2023, cuando el señor Adalberto Díaz Rodríguez (señor Díaz Rodríguez o recurrido) instó una *Demanda*[5] sobre incumplimiento de contrato, enriquecimiento injusto y daños y perjuicios. En síntesis, el recurrido adujo que, para el mes de mayo de 2022, pactó verbalmente con la señora Rivera Cabrera un contrato de arrendamiento sobre un local comercial ubicado en el Municipio de Humacao, Puerto Rico. Según alegado, el acuerdo consistía en que el señor Díaz Rodríguez pagaría la cantidad de quinientos dólares ($500.00) mensuales en concepto de canon de arrendamiento, permitiéndole descontar del alquiler las mejoras necesarias para habilitar el local. Así pues, el recurrido señaló que la peticionaria le hizo entrega de la llave del local el 30 de mayo de 2022 y el 15 de junio de 2022 inició las mejoras.

Asimismo, el señor Díaz Rodríguez sostuvo que, confiando en el acuerdo, invirtió alrededor de ocho mil cuatrocientos ochenta y cinco dólares ($8,485.00) en materiales y trabajó durante tres (3) meses en acondicionar el local. Planteó que luego de la inversión en mejoras realizadas durante los meses trabajados, la señora Rivera Cabrera le informó que no continuaría con el acuerdo, alegadamente por problemas con sus hermanos, quienes también tenían una participación en el inmueble.

Es por lo anterior que, el recurrido solicitó una cantidad de no menos de cien mil dólares ($100,000.00) por los daños ocasionados, incluyendo los gastos incurridos en las mejoras a la propiedad, las angustias mentales y los ingresos dejados de percibir.

Tras varios incidentes procesales, y luego de someter su *Contestación a Demanda*[6], la peticionaria presentó una *Solicitud de*

---

[5] Apéndice 1 del recurso de *Certiorari.*
[6] Apéndice 10 del recurso de *Certiorari.*

*Sentencia Sumaria.* En la misma, argumentó que no existía una controversia real o sustancial sobre hechos materiales entre las partes, pues el alegado contrato de arrendamiento era contrario a la ley, y, por consiguiente, el negocio jurídico era nulo. Además, adujo que el señor Díaz Rodríguez debía responder por sus actos u omisiones de mala fe al construir sin los debidos permisos, sin utilidades y sin pagar los arbitrios municipales. Finalmente, argumentó que quien edifica, planta o siembra de mala fe en suelo ajeno pierde lo edificado, lo plantado o lo sembrado sin derecho a indemnización.

Por su parte, el 22 de enero de 2025, el recurrido sometió su *Oposición a Solicitud de Sentencia Sumaria*[7]. En ésta, arguyó que se perfeccionó un contrato verbal entre las partes bajo la doctrina de los actos propios. Asimismo, alegó tener derecho de reembolso por el dinero invertido en la edificación, sus reparaciones e instalaciones de equipos realizadas con autorización expresa y/o tácita.

El 5 de febrero de 2025[8], se celebró una vista argumentativa donde las partes presentaron sus alegaciones con relación a la *Solicitud de Sentencia Sumaria*. Allí, de igual forma, se le ordenó al recurrido someter su escrito de oposición conforme a la Regla 36.3 de las de Procedimiento Civil[9]. No obstante, éste no cumplió con lo dispuesto en la precitada regla, al carecer de una exposición concisa y ordenada de los hechos esenciales controvertidos, con la debida referencia a los párrafos, documentos o pruebas pertinentes, así como de la enumeración de los hechos no disputados con su correspondiente soporte documental o testimonial[10]. Sin embargo, pese a estas deficiencias, el foro recurrido decidió admitir el escrito para su evaluación y consideración en el presente proceso[11].

---

[7] Apéndice 36 del recurso de *Certiorari.*
[8] Apéndice 40 del expediente de Tribunal de Primera Instancia.
[9] 32 LPRA Ap. V, R. 36.3.
[10] Apéndice 51 del recurso de *Certiorari,* pág. 2.
[11] *Íd.*

Evaluadas las posiciones de ambas partes, el 2 de septiembre de 2025[12], el foro recurrido emitió una *Resolución* en la cual realizó las siguientes determinaciones de hechos:

> 1. La parte demandante contactó a la parte demandada y realizó una oferta para arrendar el local comercial ubicado en Humacao, Puerto Rico [,] y pactó verbalmente un contrato de arrendamiento.
>
> 2. La propiedad objeto del presente litigio está ubicada en la Calle Dr. Vidal #52, del municipio de Humacao.
>
> 3. La demandante obtuvo la posesión de la propiedad cuando la parte demandada le entregó la llave e inició las mejoras en el local.
>
> 4. La parte demandante realizó reparaciones al local e instaló equipos.
>
> 5. La parte demandante devolvió la posesión de la propiedad a la parte demandada[13].

Así las cosas, el TPI declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria* de la señora Rivera Cabrera, debido a que persistían controversias fácticas sobre el contrato verbal habido entre las partes que requerían la celebración de una vista donde se pudiera valorar la prueba testifical y documental correspondiente a la cuestión probatoria de la existencia de dicho contrato oral y los contornos de los mismos. Por lo tanto, impedían la resolución definitiva del asunto sumariamente.

Inconforme con la determinación, el 18 de septiembre de 2025, la peticionaria presentó una *Moción Solicitando Determinaciones de Hechos y Solicitud de Reconsideración*[14]. Luego de que el foro recurrido le concedió un término de veinte (20) días al recurrido para que presentara su posición en cuanto a la solicitud de la señora Rivera Cabrera, el 8 de octubre de 2025, sometió su *Oposición a Solicitud de Reconsideración de Resolución Denegando Sentencia Sumaria*[15]. En la misma, esbozó que en la reconsideración de la peticionaria se presentaron las mismas alegaciones ya

---

[12] Notificada el 3 de septiembre de 2025.
[13] Apéndice 51 del recurso de *Certiorari*, pág. 3.
[14] Apéndice 56 del recurso de *Certiorari*.
[15] Apéndice 59 del recurso de *Certiorari*.

resueltas, en cuanto a que existía amplia prueba relacionada a la existencia de una controversia.

Analizados los planteamientos de las partes, el 9 de octubre de 2025, el TPI emitió y notificó una *Resolución Interlocutoria*[16] en la cual declaró *No Ha Lugar* la *Moción Solicitando Determinaciones de Hechos y Solicitud de Reconsideración.*

Insatisfecha aun, el 10 de noviembre de 2025, la señora Rivera Cabrera acudió ante nos y le imputó al foro recurrido la comisión de los siguientes errores:

> PRIMER SEÑALAMIENTO DE ERROR: Erró el foro de instancia y cometió un grave error de derecho y abuso de su discreción al no declara[r] la ilegalidad del contrato en controversia a pesar [de] no constar por escrito.

> SEGUNDO SEÑALAMIENTO DE ERROR: Erró el foro de instancia y abusó de su discreción al descartar los hechos propuestos en la moción de Solicitud de Sentencia Sumaria que no fueron controvertidos por el Demandante-Recurrido.

El 12 de noviembre de 2025[17], emitimos una *Resolución* en la cual le concedimos al recurrido hasta el 10 de diciembre de 2025 para que presentara su alegato en oposición. En cumplimiento con lo anterior, el recurrido sometió su posición según ordenado.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[18] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[19]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no

---

[16] Apéndice 60 del recurso de *Certiorari.*
[17] Notificada el 13 de noviembre de 2025.
[18] 32 LPRA Ap. V, R. 52.1.
[19] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[20]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[21].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[22]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[23].
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir

---

[20] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[21] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[22] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).
[23] 32 LPRA Ap. V, R. 52.1.

un auto de *certiorari,* este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

El mecanismo procesal de la sentencia sumaria surge de la Regla 36 de Procedimiento Civil[24]. Por medio de este mecanismo, una parte puede solicitar que el tribunal que dicte sentencia sumaria de la totalidad de la reclamación o de parte de esta[25]. Sin embargo, la sentencia sumaria solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes[26].

---

[24] 32 LPRA Ap. V, R. 36.
[25] *Vera v. Dr. Bravo,* 161 DPR 308, 332 (2004).
[26] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 911-912 (1994).

Por su parte, el promovente de una sentencia sumaria deberá establecer, mediante declaraciones juradas o con prueba admisible en evidencia, que no existe controversia real respecto a hechos materiales de la controversia[27]. Por hechos materiales se entienden aquellos que pueden afectar el resultado de una reclamación de acuerdo con el derecho sustantivo[28].

En contraste, el oponente a la moción de sentencia sumaria está obligado a establecer que existe una controversia que sea real por lo cual cualquier duda es insuficiente para derrotar una solicitud de sentencia sumaria[29]. En efecto, la duda debe ser tal que permita concluir que existe una controversia real y sustancial sobre los hechos materiales[30]. De esta manera, la parte promovida debe puntualizar los hechos propuestos que pretende controvertir, haciendo referencia a la prueba específica que sostiene su posición[31]. Es decir, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa"[32]. No puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa[33].

Entretanto, la Regla 36.3 de Procedimiento Civil establece el procedimiento para la consideración de la moción de sentencia sumaria, así como el contenido de la moción y de la contestación de la parte promovida[34]. Respecto a la moción solicitando que se dicte una sentencia sumaria, la Regla 36.3 (a) de Procedimiento Civil dispone que la misma tiene que desglosar lo siguiente:

(1) una exposición breve de las alegaciones de las partes;

---

[27] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015).
[28] *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).
[29] *Meléndez González et al. v. M. Cuebas, supra*, pág. 110.
[30] *Íd.*
[31] *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020).
[32] *Íd.,* pág. 44.
[33] *Ramos Pérez v. Univisión, supra*, págs. 215-216.
[34] 32 LPRA Ap. V, R. 36.3.

(2) los asuntos litigiosos o en controversia;

(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;

(4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y

(6) el remedio que debe ser concedido[35].

Por otra parte, la Regla 36.3 (b) de Procedimiento Civil dispone que la contestación a la moción de sentencia sumaria debe contener, además de los sub incisos (1), (2) y (3) del inciso (a): una relación de los hechos esenciales y pertinentes que están en controversia, con referencia a los párrafos enumerados por la parte promovente y con indicación de la prueba en la que se establecen esos hechos; una enumeración de los hechos que no están en controversia; y las razones por las cuales no se debe dictar la sentencia, argumentando el derecho aplicable[36]. Asimismo, cuando se presente una solicitud de sentencia sumaria conforme a la Regla 36 de Procedimiento Civil, *supra,* "la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede"[37].

Igualmente, la Regla 36.3 de Procedimiento Civil[38], dispone que:

[…]

(e) La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como

---

[35] 32 LPRA Ap. V, R. 36.3 (a).
[36] 32 LPRA Ap. V, R. 36.3 (b).
[37] 32 LPRA Ap. V, R. 36.3 (c).
[38] 32 LPRA Ap. V, R. 36.3 (e).

cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente.

[...]

Como mencionamos anteriormente, la parte promovente de una solicitud de sentencia sumaria está obligada a establecer, mediante prueba admisible en evidencia, la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que, a la luz del derecho sustantivo, amerita que se dicte sentencia a su favor[39]. Para que tal sea el resultado, viene llamado a desglosar, en párrafos numerados, los hechos respecto a los cuales aduce que no existe disputa alguna. Una vez expuestos, debe especificar la página o párrafo de la declaración jurada u otra prueba admisible que sirven de apoyo a su contención[40]. **Cuando de las propias alegaciones, admisiones o declaraciones juradas, surge una controversia bonafide de hechos, la moción de sentencia sumaria resulta ser improcedente. Ante ello, el tribunal competente debe abstenerse de dictar sentencia sumaria en el caso y cualquier duda en su ánimo, lo debe llevar a resolver en contra de dicha solicitud[41].**

El Tribunal Supremo de Puerto Rico ha expresado en varias ocasiones que la sentencia sumaria es un remedio extraordinario y discrecional que solo se debe conceder cuando no existe una controversia genuina de hechos materiales y lo que resta es aplicar el derecho[42]. En términos generales, al dictar sentencia sumaria, el tribunal deberá hacer lo siguiente:

    (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en

---

[39] *Rodríguez García v. UCA*, 200 DPR 929 (2018), Ramos Pérez v Univisión, 178 DPR 200 (2010), *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, (2005); *Vera v Dr. Bravo, supra.*

[40] 32 LPRA Ap. V, R. 36.3 (a)(4); *Roldán Flores v. M. Cuebas, et al.,* 199 DPR 664, (2018); *SLG Zapata-Rivera v. J.F.,* 189 DPR 95 (2013).

[41] *Vera v Dr. Bravo, supra*; *Mgmt. Adm. Servs., Corp. v. ELA*, 152 DPR 599 (2000).

[42] *Maldonado v. Cruz*, 161 DPR 1, 39 (2004).

oposición, así como aquellos que obren en el expediente del tribunal;

(2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos[43].

Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando: "(1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) **surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial**, o (4) como cuestión de derecho, no proceda"[44]. La sentencia sumaria se puede dictar a favor o en contra de la parte que la solicita, según proceda en Derecho[45].

Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y solo procederá cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos[46]. De tal manera, solo procede dictar sentencia sumaria cuando surge claramente que el promovido por la moción no puede prevalecer bajo ningún supuesto de hechos y que el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia[47]. Cuando no existe una clara certeza sobre todos los hechos de la controversia, no procede una sentencia sumaria[48]. Cualquier duda sobre la existencia de una controversia sobre los hechos materiales, debe resolverse contra la parte promovente[49]. Toda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se opone a la solicitud de

---

[43] *Vera v. Dr. Bravo, supra*, 334.
[44] *Íd.*, págs. 333-334; *Acevedo Arocho v. Depto. Hacienda y otros*, 212 DPR 335, 336 (2023).
[45] *Maldonado v. Cruz, supra*, pág. 39.
[46] *Vera v. Dr. Bravo, supra*, pág. 334.
[47] *Nieves Díaz v. González Massas*, 178 DPR 820, 848 (2010).
[48] *Metrop. de Préstamos v. López de Victoria*, 141 DPR 844 (1996).
[49] *Rosario v. Nationwide Mutual*, 158 DPR 775, 780 (2003) citando a *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 575 (1997).

sentencia sumaria[50]. Así pues, tomando en consideración que la sentencia sumaria es un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley"[51].

Es importante mencionar que, este Tribunal utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una moción de sentencia sumaria[52]. Por consiguiente, los criterios que este foro intermedio debe tener presentes al atender la revisión de una sentencia sumaria son los siguientes:

(1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil y la jurisprudencia le exigen al foro primario;

(2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36;

(3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

(4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia[53].

Finalmente, y como norma general, si la moción procede en derecho, el tribunal debe dictar la sentencia sumaria "a favor del promovente si la parte contraria no responde de forma detallada y específica a una solicitud debidamente formulada"[54]. Si el Tribunal de Primera Instancia considera que no procede dictar sentencia sumaria en el caso que tiene ante sí, o que no procede conceder ese remedio en su totalidad, es obligatorio que cumpla con lo expuesto en la Regla 36.4 de las de Procedimiento Civil[55], la cual dispone que:

Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del

---

[50] *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 610-611 (2000).
[51] *Roig Com. Bank v. Rosario Cirino*, 126 DPR 613, 617 (1990).
[52] *Vera v. Dr. Bravo, supra*, pág. 334.
[53] *Roldan Flores v. M Cuebas*, 199 DPR 664, 679 (2018).
[54] *SLG Zapata-Rivera v. J. F. Montalvo*, 189 DPR 414, 432 (2013).
[55] 32 LPRA Ap. V, R. 36.4.

pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia.** Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. (Énfasis nuestro).

En conclusión, es menester consignar los hechos que, a juicio del TPI, están en controversia y aquellos que no lo están para entender cuáles son los hechos que impiden que se dicte la sentencia sumaria en su totalidad.

## III.

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra,* faculta a este foro intermedio apelativo a revisar las resoluciones interlocutorias dictadas por el TPI, en especial, cuando se recurre de una denegatoria de una moción de carácter dispositivo. Es por eso que, al ser una *Resolución* de la cual se recurre y por ser esta una denegatoria de una *Solicitud de Sentencia Sumaria,* estamos habilitados para expedir el recurso solicitado. No obstante, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional.

Tras examinar el expediente y los argumentos presentados por la peticionaria, no surge que el foro recurrido haya actuado de forma prejuiciada o parcializada, ni que incurriera en un craso abuso de discreción o que se equivocara en la aplicación de la norma jurídica. En su oposición, el señor Díaz Rodríguez tampoco constató que abstenernos de interferir con el dictamen del TPI constituiría un fracaso irremediable de la justicia, de manera que estemos llamados a ejercer nuestra función revisora. Recordemos que, a pesar de que la revisión de una denegatoria de una moción de carácter dispositivo

exige que consideremos el asunto *de novo*, tal ejercicio surge dentro del marco del recurso extraordinario de *certiorari*, **cuya característica esencial es la discrecionalidad que se nos habilita para expedirlo o no**. En ese sentido, entendemos que el TPI no abusó de su discreción ni fue irrazonable en forma alguna. Además, tampoco encontramos justificación alguna para intervenir con la *Resolución* cuya revisión se solicita, a la luz de los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Tribunal de Apelaciones, *supra*.

## IV.

Por los fundamentos que anteceden, ***denegamos*** el recurso de epígrafe. En consecuencia, devolvemos el caso al foro recurrido para la continuación de los procedimientos conforme con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones